# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **GANEDEN BIOTECH, INC.,** | Case No. 1:16-cv-876 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| **AMERICAN BREWING COMPANY, INC.** | |
| and | |
| **B&R LIQUID ADVENTURE, LLC,** | |
| Defendants. | |

Plaintiff Ganeden Biotech, Inc. ("Ganeden"), for its complaint against Defendants American Brewing Company, Inc. ("American Brewing Company") and B&R Liquid Adventure, LLC ("B&R"), states as follows:

## SUMMARY AND NATURE OF THE ACTION

1. This is an action for patent infringement and unfair competition. The two patents in suit relate to the probiotic bacteria *Bacillus coagulans*. Generally speaking, one of the patents covers any tea product containing *Bacillus coagulans*, and the other patent covers all products—not just tea—containing a specific **GBI-30** strain of *Bacillus coagulans.*

2. Defendants sold teas containing *Bacillus coagulans* and labeled as containing the specific GBI-30 strain of *Bacillus coagulans.* If the labels were correct, then Defendants infringed *both* of Ganeden's patents.

3. Because Ganeden holds a patent on GBI-30 and is the legitimate source of GBI-30, Ganeden believes that Defendants' products likely contained *Bacillus coagulans* (which Defendants could have obtained elsewhere) but not always the GBI-30 strain as labeled. As

such, Defendants misrepresented the nature and ingredients of Defendants' teas and therefore also violated both the Lanham Act and the Ohio Deceptive Trade Practices Act.

4. Ganeden now files this lawsuit to put an end to Defendants' continued infringements and misrepresentations and to recover damages resulting from Defendants' misconduct.

## PARTIES

5. Plaintiff Ganeden is probiotic ingredient manufacturer based in Mayfield Heights, Ohio.

6. Founded in 1997, Ganeden is at the forefront of probiotic research and product development with an extensive library of published studies and more than 100 patents for probiotic technologies in the food, beverage, animal health, and personal care ingredients markets.

7. Ganeden is perhaps best known for Ganeden**BC$^{30®}$** (*Bacillus coagulans* GBI-30), Ganeden's patented probiotic ingredient found in more than 125 leading food and beverage products around the world.

8. Defendants American Brewing Company and B&R are both beverage companies.

9. On information and belief, Defendant American Brewing Company is a corporation organized and existing under the laws of Washington with a principal place of business in Edmonds, Washington.

10. On information and belief, Defendant B&R is a limited liability company organized and existing under the laws of California with a principal place of business in Torrance, California.

11. Defendants American Brewing Company and B&R directly compete with Ganeden's probiotic ingredient customers, including other beverage companies.

## JURISDICTION AND VENUE

12. This action arises under the patent laws of the United States, Title 35 of the United States Code, 35 U.S.C. § 271 et seq., and under the Lanham Act, 15 U.S.C. § 1125(a). Subject matter jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1338.

13. This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

14. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

15. This Court has personal jurisdiction over Defendants under the Ohio long-arm statute, Ohio Rev. Code § 2307.382, at least because (i) each Defendant, on information and belief, regularly does and solicits business, engages in other persistent courses of conduct, and derives substantial revenue from goods used or consumed or services rendered in Ohio and (ii) Ganeden's claims arise out of Defendants' (1) transacting business in Ohio, (2) causing tortious injury by acts in Ohio, and (3) causing tortious injury in Ohio.

## PATENTS-IN-SUIT

16. United States Patent No. 7,713,726 ("the '726 patent") is titled "Inhibition of Pathogens by Probiotic Bacteria" and was issued to Sean Farmer on May 11, 2010, based on an application filed February 13, 2007. Attached as Exhibit 1 is a copy of the '726 patent.

17. Ganeden is the owner of the '726 patent by assignment.

18. The '726 patent relates to compositions containing a certain bacterial strain. For example, claim 1 of the '726 patent recites: "A composition comprising an isolated *Bacillus coagulans* GBI-30 strain (ATCC Designation Number PTA-6086)."

19. United States Patent No. 8,697,055 ("the '055 patent") is titled "Probiotic, Lactic Acid-producing Bacteria" and was issued to Sean Farmer on April 15, 2014, based on an application filed March 19, 2012. Attached as Exhibit 2 is a copy of the '055 patent.

20. Ganeden is also the owner of the '055 patent by assignment.

21. The '055 patent relates to certain compositions containing *Bacillus coagulans*. For example, claim 1 of the '055 patent recites: "A composition comprising an isolated *Bacillus coagulans* bacterium **and tea**." (Emphasis added.)

## BACKGROUND FACTS

### *Defendant B&R Sells Kombucha Teas Advertised and Labeled As Containing Ganeden's Patented* **Bacillus Coagulans** *GBI-30 Strain*

22. Kombucha tea is a type of fermented and sweetened black or green tea drink.

23. No later than December 31, 2013, Defendant B&R began offering for sale multiple flavors of its "búcha" branded kombucha tea that were labeled and advertised as containing *Bacillus coagulans*.

4

24. For example, below is a screenshot of six such products from Defendant B&R's website MYBUCHA.COM, captured February 17, 2014:



https://web.archive.org/web/20140217163415/http://www.mybucha.com/

25. No later than February 28, 2014, Defendant B&R began representing online and on product labels that its "búcha" branded kombucha teas contain the bacterial strain *Bacillus coagulans* GBI-30.

26. For example, below is a screenshot from Defendant B&R's website MYBUCHA.COM captured June 3, 2014, for the ingredients for "Yuzu Lemon" kombucha tea:



https://web.archive.org/web/20140603131040/http://www.mybucha.com/product/yuzu-lemon/

27. In addition to "Yuzu Lemon," Defendant B&R's MYBUCHA.COM website also listed ingredients for B&R's other "búcha" branded kombucha teas, including "Blood Orange," "Grapefruit Sage," "Guava Mango," "Raspberry Pomegranate," "Verbena Rose," "Masala Chai," and "Lemongrass Ginger."

28. According to Defendant B&R's website MYBUCHA.COM and the ingredient label for each such product, each product likewise contained, among other things, "organic black tea" and "*Bacillus coagulans* GBI-30."

### *Defendant American Brewing Company Acquires Defendant B&R and Continues to Sell and Advertise the Kombucha Teas on the Website*

29. On information and belief, on approximately April 1, 2015, Defendant American Brewing Company acquired all of the operating assets, liabilities, obligations, and personnel necessary to continue Defendant B&R's business operations—resulting in the immediate or rapid "winding down" of B&R—such that Defendant American Brewing Company is either merely a continuation of Defendant B&R or the surviving company of a de facto consolidation or merger.

30. Since approximately April 1, 2015, Defendant American Brewing Company continues to sell "búcha" branded kombucha teas, including "Blood Orange," "Grapefruit Sage," "Guava Mango," "Lemongrass Ginger," "Masala Chai," "Raspberry Pomegranate," "Yuzu Lemon," and "Verbena Rose" and continues to represent on the MYBUCHA.COM website and on product labels that "búcha" branded kombucha teas contain, among other things, "organic black tea" and "*Bacillus coagulans* GBI-30."

### FIRST CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 7,713,726)

31. Ganeden repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

32. Defendants B&R and American Brewing Company directly infringed one or more claims of the '726 patent, including claim 1, in violation of 35 U.S.C. § 271, at least by making, offering to sell, selling, and using within the United States the aforementioned "búcha" branded kombucha teas, e.g., "Blood Orange," "Grapefruit Sage," "Guava Mango," "Lemongrass Ginger," "Masala Chai, "Raspberry Pomegranate," "Verbena Rose," and "Yuzu Lemon" (collectively, the "Accused Teas"), at least because each product contained *Bacillus coagulans* GBI-30 and all of the limitations of claim 1 of the '726 patent, i.e., "A composition comprising an isolated *Bacillus coagulans* GBI-30 strain (ATCC Designation Number PTA-6086)."

33. Ganeden owned the '726 patent through the period of the infringing acts of Defendants, and Ganeden still owns the '726 patent.

34. On information and belief, Defendants have been and are conducting their infringements with knowledge of the '726 patent.

35. Upon information and belief, Defendants' infringements have been willful and deliberate, justifying an assessment of treble damages under 35 U.S.C. § 284. Ganeden has been and continues to be damaged and otherwise harmed by such willful infringement.

36. Ganeden will be irreparably harmed unless Defendants' infringing activities are enjoined.

## SECOND CLAIM FOR RELIEF
### (Infringement of U.S. Patent No. 8,697,055)

37. Ganeden repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

38. Defendants B&R and American Brewing Company directly infringed one or more claims of the '055 patent, including claim 1, in violation of 35 U.S.C. § 271, at least by making, offering to sell, selling, and using within the United States the Accused Teas, at least because

each product contained both *Bacillus coagulans* and black tea and all of the limitations of claim 1 of the '055 patent, i.e., "A composition comprising an isolated *Bacillus coagulans* bacterium and tea."

39. Ganeden owned the '055 patent through the period of the infringing acts of Defendants, and Ganeden still owns the '055 patent.

40. On information and belief, Defendants have been and are conducting their infringements with knowledge of the '055 patent.

41. Upon information and belief, Defendants' infringements have been willful and deliberate, justifying an assessment of treble damages under 35 U.S.C. § 284. Ganeden has been and continues to be damaged and otherwise harmed by such willful infringement.

42. Ganeden will be irreparably harmed unless Defendants' infringing activities are enjoined.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition under the Lanham Act, 15 U.S.C. § 1125(a))

43. Ganeden repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

44. Section 43(a) of the Lanham Act prohibits, among other things, the use in commerce of any "false or misleading description of fact, or false or misleading representation of fact, which … in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities."

45. On information and belief, some of the packages of the Accused Teas sold by Defendants contain or contained *Bacillus coagulans* but ***not*** the bacterial strain *Bacillus coagulans* **GBI-30**.

8

46. In describing and representing these Accused Teas without *Bacillus coagulans* GBI-30, Defendants used false and misleading descriptions and representations of fact—including but not limited to statements that the teas contained the bacterial strain *Bacillus coagulans* GBI-30—misrepresenting the products' nature, characteristics, and qualities.

47. Defendants' false and misleading statements actually deceived a substantial segment of the customers and potential customers to whom Defendants directed the statements.

48. Defendants' deception was material and influenced the purchasing decisions of Defendants' customers.

49. The Accused Teas and Defendants' false and misleading statements all entered interstate commerce.

50. Ganeden has been damaged as a result of Defendants' misrepresentations concerning the Accused Teas.

51. Under 15 U.S.C. § 1117(a), Ganeden is entitled to at least (1) Defendants' profits resulting from sales of Defendants' Accused Teas, (2) all resulting damages sustained by Ganeden, and (3) the costs of this action.

52. Further, Ganeden is entitled to its reasonable attorney's fees under 15 U.S.C. § 1117(a) because Defendants acted in bad faith and Defendants' conduct was malicious, fraudulent, deliberate, and willful.

## FOURTH CLAIM FOR RELIEF
**(Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 et seq.)**

53. Ganeden repeats and incorporates by reference the allegations set forth in the foregoing paragraphs.

54. The Ohio Deceptive Trade Practices Act, Ohio Rev. Code § 4165.01 et seq., prohibits, among other things, businesses from "[r]epresent[ing] that goods or services have

sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have."

55. In describing and representing the Accused Teas, Defendants falsely represented and intended to represent that all of the Accused Teas contained *Bacillus coagulans* GBI-30.

56. Defendants' false and misleading statements actually deceived and are still deceiving a substantial segment of the customers and potential customers to whom Defendants directed the statements.

57. Defendants' deception was material and influenced the purchasing decisions of Defendants' customers.

58. On information and belief, at least some of Defendants' misrepresentations occurred within the State of Ohio.

59. Ganeden has been damaged as a result of Defendants' misrepresentations concerning the Accused Teas.

60. The full extent of Ganeden damages is currently unknown but exceeds $75,000.

61. Ganeden is entitled to injunctive relief under Ohio Rev. Code § 4165.03 and will be irreparably harmed unless Defendants' infringing activities are enjoined.

### RELIEF REQUESTED

WHEREFORE, Ganeden prays for judgment and relief against Defendants American Brewing Company and B&R, including:

(A) Adjudging that Defendants have infringed the '726 and '055 patents;

(B) Permanently enjoining Defendants, their officers, agents, suppliers, distributors, servants, employees, successors, assigns, and all persons acting in concert or

participation with Defendants, from continuing acts of infringement of the '726 and '055 patents;

(C) Adjudging that an accounting be had for damages caused by Defendants' infringements and other misconduct, together with pre-judgment and post-judgment interest;

(D) Adjudging that Defendants are willful infringers and trebling patent damages under 35 U.S.C. § 284;

(E) Adjudging that this case is an exceptional case and awarding Ganeden its costs, expenses, and reasonable attorney's fees under 35 U.S.C. § 285; and

(F) Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

s/ John F. Bennett
John F. Bennett (#0074506)
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio 45202-2409
Telephone: (513) 698-5152
Facsimile: (513) 698-5153
Email: jbennett@ulmer.com

Matthew T. Wholey (#0086550)
ULMER & BERNE LLP
1660 West 2nd Street, Suite 1100
Cleveland, Ohio 44113-1448
Telephone: (216) 583-7414
Facsimile: (216) 583-7415
Email: mwholey@ulmer.com

ATTORNEYS FOR PLAINTIFF
GANEDEN BIOTECH, INC.

## **JURY DEMAND**

Ganeden respectfully requests a trial by jury on all issues so triable in this action.

s/ John F. Bennett
John F. Bennett
